IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. ZACH,

              Plaintiff,

  v.

JAMES THORPE, ROBERT SCHENCK,
KAREN GOURLIE, WELCOME ROSE,
TIMOTHY LUNDQUIST, and JEAN CARLSON,

              Defendants.

ORDER

16-cv-442-jdp

---

THOMAS W. ZACH,

              Plaintiff,

  v.

BRIAN BEAHM, TROY HERMANS,
ROBERT SCHENCK, BOB BRYZENSKI, BRENNAN,
LOGAN, TODD JOHNSON, DON RENFRO,
RANDY BERZ, DEIDRE MORGAN, SARA POLK,
CHRISTINE BRATZ, DR. DELAP, and K. LOVELL,

              Defendants.

ORDER

16-cv-823-jdp

---

Plaintiff Thomas W. Zach, appearing pro se, is a former state prisoner at the Thompson Correctional Center. In case no. 16-cv-442-jdp, Zach brings claims that prison officials denied him necessary dental care, in part because of his race. In case no. 16-cv-823-jdp, he brings claims that prison staff failed to properly treat his dental pain and then conspired to give him a false conduct report that resulted in him serving 43 days of segregation and being transferred away from his family.

In September 28, 2018 orders in both cases, I denied Zach's motions for the court's assistance in recruiting him counsel. *See* Dkt. 35 in the '442 case and Dkt. 45 in the '823 case.

Zach stated that he suffers from medical and logistical problems that make it more difficult to prepare documents, but I concluded that he appeared capable of filing submissions and I explained that I would be willing to consider extension of court deadlines if his impediments keep him from accomplishing his tasks. *Id.*

Now Zach has filed a motion for reconsideration of that decision. He includes a letter from his mother stating that he has been helping his with his written submissions but can no longer do so. I take the motion for reconsideration to have been prepared by Zach himself. He describes his medical problems and the way it affects his ability to prepare documents. He believes that he will not be able to do nearly as effective a job with his pending cases as his recruited counsel did in case no. 13-cv-849.

There is no question that pro se litigants are not as skilled as trained lawyers and therefore struggle with many of the tasks associated with litigating a lawsuit. But a relative lack of skill is not reason alone to recruit counsel, and as I have previously explained to Zach, the court simply does not have enough lawyers willing to take cases pro bono to recruit them for every case. I remain sympathetic to Zach's medical condition, lack of training, and lack of funds, but I will not reverse course on my previous decisions to deny his motions for recruitment of counsel, at least for now. Zach's motion confirms that he is capable of presenting his thoughts in written form. And I still cannot tell that his cases will be too complex, because I do not yet know precisely what issues the parties are disputing. It is my assumption that defendants will file a motion for summary judgment in each case. Zach should do his best to respond to those motions, and the parties' summary judgment briefing should make clear whether there truly are issues that are too complex for Zach to handle himself. The most important part of Zach's tasks at the summary judgment stage will be to explain exactly what

defendants did to harm him, and how he knows that they intentionally acted with nefarious motives to harm him.

One final point. Zach states that he rescheduled an October 2018 surgery for spring 2019 because he did not know whether the court would grant him counsel or otherwise accommodate his medical issues. I will reiterate what I previously told Zach about his medical problems: if he faces particular periods of time in which he will be incapacitated, he should inform the court and I will consider extending deadlines to accommodate him. In the future, he should not delay scheduled medical care on account of these lawsuits. He should explain to the court how his schedule is affected by medical treatment and ask for extension of the pertinent deadlines.

ORDER

IT IS ORDERED that plaintiff Thomas W. Zach's motion for reconsideration of the denial of his motions for the court's assistance in recruiting him counsel is DENIED.

Entered October 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge