IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. ZACH,

                    Plaintiff,

          v.

JAMES THORPE, ROBERT SCHENCK,
KAREN GOURLIE, WELCOME ROSE,
TIMOTHY LUNDQUIST, and JEAN CARLSON,

                    Defendants.

ORDER

16-cv-442-jdp

---

THOMAS W. ZACH,

                    Plaintiff,

          v.

BRIAN BEAHM, TROY HERMANS,
ROBERT SCHENCK, BOB BRYZENSKI, BRENNAN,
LOGAN, TODD JOHNSON, DON RENFRO,
RANDY BERZ, DEIDRE MORGAN, SARA POLK,
CHRISTINE BRATZ, DR. DELAP, and K. LOVELL,

                    Defendants.

ORDER

16-cv-823-jdp

---

Plaintiff Thomas W. Zach, appearing pro se, is a former state prisoner at the Thompson Correctional Center. In case no. 16-cv-442-jdp, Zach alleges that prison officials denied him necessary dental care, in part because of his race. In case no. 16-cv-823-jdp, he alleges that prison staff failed to properly treat his dental pain and then conspired to give him a false conduct report that resulted in him serving 43 days of segregation and being transferred away from his family.

In September 28, 2018 orders in both cases, I denied Zach's motions for the court's assistance in recruiting him counsel. *See* Dkt. 35 in the '442 case.[1] I later denied his request for reconsideration of that decision. *See* Dkt. 38. Zach followed by filing notices of appeal of those decisions in both cases, along with a motion for leave to proceed *in forma pauperis* and a motion to stay the proceedings pending appeal. *See* Dkt. 41; Dkt. 42; Dkt. 43. But Zach then submitted a letter stating that he would not be able to pursue his appeals, in part because of the costs of preparing and mailing the documents for the appeals. Dkt. 45. The United States Court of Appeals for the Seventh Circuit construed the letter as a motion to voluntarily dismiss the appeals, it and granted that request. Dkt. 46. Because the appeals have been dismissed, I will deny Zach's motion for leave to proceed *in forma pauperis* on appeal and motion to stay the proceedings pending appeal as moot.

Zach has now filed a motion to stay the proceedings and for the court to set a telephonic status conference to discuss how his ability to litigate the cases are hampered by his financial status and his health conditions. Dkt. 47. His lack of funds is not a reason to recruit him counsel, and it is not cause to allow him to unreasonably draw out the litigation of this lawsuit. *See, e.g.*, *Gruenberg v. Tetzlaff*, No. 13-cv-95-wmc, 2014 WL 3735875, at *4 (W.D. Wis. July 29, 2014) ("'It is this court's role to appoint counsel when the difficulty of the case exceeds the particular plaintiff's capacity to coherently present it to the judge or jury himself, not when the plaintiff could coherently present the case but would prefer counsel as a funding mechanism for the litigation.'" (quoting *Akright v. Capelle*, No. 07-cv-625-bbc, 2008 WL 4279571, at *1

---

[1] All subsequent citations to the docket will be to case no. 16-cv-442-jdp.

(W.D. Wis. Sept. 15, 2008))). Zach has to do the best he can with the funds and other resources he has.

But I have already told him that the court will take his medical condition into account. I instructed him that if he faces particular periods of time in which he will be incapacitated, he should inform the court and I will consider extending deadlines to accommodate him. *See* Dkt. 38, at 3. Because I take Zach to be saying that he faces leg, back, and tooth problems that will interfere with his ability to meet deadlines in these cases—the dispositive-motions deadlines in both cases are upcoming in December—I will direct the clerk of court to set a telephonic conference to discuss his motion to amend the schedule.

## ORDER

IT IS ORDERED that:

1.  Plaintiff Thomas W. Zach's motion for leave to proceed *in forma pauperis* with his interlocutory appeals, Dkt. 42 in case no. 16-cv-442-jdp and Dkt. 52 in case no. 16-cv-823-jdp, is DENIED as moot.

2.  Plaintiff's motion to stay the cases pending appeal, Dkt. 43 in the '442 case and Dkt. 53 in the '823 case, is DENIED as moot.

3.  Plaintiff's motion for a scheduling conference, Dkt. 47 in the '442 case and Dkt. 57 in the '823 case, is GRANTED. The clerk of court is directed to schedule a telephonic conference to discuss plaintiff's motion to amend the schedule.

Entered November 26, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge